UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

04 10873 MEL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Manuel Faria,
       Plaintiff

v.                                              CIVIL ACTION
                                                NO.
General Dynamics,
American Overseas Marine        MAGISTRATE JUDGE _____

       Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIPT # ____
AMOUNT $ N/A
SUMMONS ISSUED ____
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY CLK ____
DATE 4/30/04

**PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND**

Now comes the plaintiff, Manuel Faria, in the above-entitled action and says:

COUNT I

First:  The plaintiff is a resident of the City of New Bedford, County of Bristol, Commonwealth of Massachusetts, a seaman, and at all times hereinafter referred to, a member of the crew of the M/V PFC DEWAYNE T. WILLIAMS.

Second:  The defendant is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principle place of business in Quincy in the Commonwealth of Massachusetts.

Third:  The defendant at all times referred to owned, operated, controlled and managed the M/V PFC DEWAYNE T. WILLIAMS.

Fourth:  On or about August 8, 2001, the plaintiff was in the employ of the defendant as a seaman aboard the M/V PFC

DEWAYNE T. WILLIAMS.

Fifth:  On or about August 8, 2001, while the said M/V PFC DEWAYNE T. WILLIAMS was in navigable waters and while the plaintiff was in the exercise of due care in the performance of his duties, he sustained severe and painful personal injuries.

Sixth:  The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the fault of the defendant, its agents or servants, as follows:

   (a)   Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances.

   (b)   Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances.

   (c)   Failure to use due care to furnish the plaintiff with a reasonable safe place in which to perform the work.

   (d)   Failure and negligence of fellow employees.

   (e)   Failure and negligence in other respects that will be shown at trial.

Seventh:  As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at trial.

Eighth:  This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the plaintiff demands judgment against the defendants in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with costs and interest.

## COUNT II

First:   The plaintiff reiterates all the allegations set forth in Paragraphs "First," "Second," "Third," "Fourth," and "Fifth" of Count I.

Second:   The injuries sustained by the plaintiff were due to no fault of his, but were caused by the unseaworthiness of the defendant's vessel.

Third:   As a result of the said injuries, the plaintiff has suffered great pain of body and mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at trial.

Fourth:   This cause of action is brought under the same General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the plaintiff demands judgment against the defendant in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with costs and interest.

## COUNT III

First:   The plaintiff reiterates all the allegations set forth in Paragraphs "First," "Second," "Third," "Fourth," and "Fifth" of Count I.

Second: As a result of his injuries, the plaintiff incurred expenses for his maintenance and cure and will continue to do so all to his damage as will be shown at trial.

WHEREFORE, the plaintiff demands judgment against the defendant in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS together with costs and interest; and, in addition, an award of punitive damages and attorney's fees for the defendant's willful and persistent failure to make prompt payment of maintenance and cure during the period of the plaintiff's disability.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES RAISED.

Plaintiff,
By his attorneys,

JOSEPH M. ORLANDO, ESQ.
BBO # 380215
BRIAN S. MCCORMICK, ESQ.
BBO # 550533
Orlando & Associates
One Western Avenue
Gloucester, MA 01930
(978) 283-8100

Date: 4/29/04

Cases/Faria/Manuel/Complaint